DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE COUNTY OF UNION.

SAUL ZAETZ, PLAINTIFF, v. GENERAL INSTRUMENT CORP., A CORPORATION, DEFENDANT.

Decided February 23, 1943.

For the plaintiff, *Charles M. Grosman.*

For the defendant, *Stein, Stein & Stein.*

FULOP, D. C. J. This is a suit under the "Fair Labor Standards Act of 1938," commonly known as the Wages and Hours Law. Plaintiff was employed by the defendant from April 18th, 1942, to September 19th, 1942, when he was paid his salary for two weeks in advance and discharged. He seeks to recover $171.57 overtime pay, plus the same amount as liquidated damages and a reasonable counsel fee which he alleges to be $100. The total claim is therefore $443.14.

The applicable statutory provisions are:

Fair Labor Standards Act of 1938, Public Law No. 718, 75th Congress (*U. S. C. A. Title* 29, §§ 207, 213 and 216):

"Section 7 (a). No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

\*         \*         \*         \*         \*         \*         \*

"(3) for a work week longer than forty hours after the expiration of the second year from such date (effective date of this section) unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed."

"Section 13 (a). The provisions of sections 6 and 7 shall not apply with respect to (1) any employee employed in a *bon fide* executive * * * capacity * * * (as such terms are defined and delimited by regulations of the administrator); * * *."

"Section 16 (b). Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The regulation of the administrator defining *"bona fide* executive" as used in section 13 (a) of the act, reads as follows:

"Section 541.1—Executive.

"The term 'employee employed in a *bona fide* executive * * * capacity' in section 13 (a) (1) of the act shall mean any employee—

"(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(B) who customarily and regularly directs the work of other employees therein, and

"(C) who has the authority to hire or fire other employees

or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(D) who customarily and regularly exercises discretionary powers, and

"(E) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 per cent. of the number of hours worked in the workweek by the nonexempt employees under his direction; provided that this subsection (F) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

This definition has the force of law under the provisions of the act and supersedes common understanding and dictionary definitions.

In the present case it has been stipulated or otherwise agreed by both sides that:

1. Plaintiff was employed by defendant during the period above mentioned.

2. That the defendant was engaged in the production of goods for interstate commerce exclusively.

3. That the plaintiff was engaged solely in such production.

4. That it was agreed that he should be paid a salary of $40 per week for a 44 hour week and straight time for any hours worked in excess.

5. That plaintiff worked a varying number of hours in excess of 44 per week during each of 21 weeks of his employment as listed in a schedule annexed to the state of demand.

6. That plaintiff received payment of the weekly sums listed in the aforesaid schedule, which were calculated at $40 for 44 hours, plus straight time for overtime, and he was not paid at one and a half times the hourly rate for the overtime worked. He was paid the $40 whether or not he worked at all.

Plaintiff's testimony was evasive and equivocating. Taking the evidence as a whole, I find the following additional facts:

1. Plaintiff was employed under the title of "foreman."

2. He was in charge of a sub-department, sometimes known as the hand soldering department, which was physically confined to one area and separated from other sections of the plant.

3. There were usually 18 to 22 employees under his command. All of these employees worked in the physical area assigned to plaintiff's department.

4. It was plaintiff's duty to instruct and supervise these employees.

5. Plaintiff's recommendation as to the number of employees required, the retention of any employee taken on by the personnel department, and the discharge of any employee in the subdivision under his charge was expected, received and given great weight. His recommendations were usually followed in these respects.

6. Most of the employees under plaintiff's supervision were engaged in assembling and soldering radio parts.

7. Three or four employees under plaintiff's supervision were engaged in auxiliary work, including especially, the filing of soldering iron tips to a special form required for the work being done.

8. Plaintiff did not normally, usually or for any substantial part of his work week, engage in assembling or soldering. Plaintiff may have done some limited manual production work, but the percentage of his time so employed was not proved.

9. Most of plaintiff's time was taken up with procuring and furnishing jigs or fixtures in which the soldering operation was performed, gloves and other equipment for the production workers, instructing these workers and checking their work, instructing the soldering tip pointers, maintaining production schedules and improving production methods.

10. Plaintiff did some auxiliary manual work, such as filing soldering tips, but the percentage of his time so employed was not proved. He did this only when the men employed for the purpose were not available or when he was instructing them.

11. Plaintiff did experimental and development manual

work for three weeks exclusively and to a limited extent throughout his employment. The percentage of his time so employed was not proved.

12. Plaintiff was not a member of the labor union to which all employees under his supervision belonged. Plaintiff was a member of the Key Men's Club to which all executives of the plant belonged.

A "working foreman" is not an executive within the meaning of the act. A working foreman performs the same type of work as those whom he supervises. His executive functions are merely superimposed. Plaintiff was not a working foreman.

Applying the administrator's definition to the foregoing finding of facts, it appears that:

A. Plaintiff's primary duty consisted of the management of a recognized subdivision of a department of the establishment.

B. Plaintiff customarily and regularly directed the work of other employees in the department subdivision.

C. His suggestions and recommendations as to hiring, firing and change of status of other employees were given particular weight.

D. He customarily and regularly exercised discretionary powers.

E. He was compensated on a salary basis at more than $30 per week.

F. It does not appear that his hours of work of the same nature as that performed by the non-exempt employees under his direction exceeded 20 per cent. of the number of hours worked in the work week by the nonexempt employees under his direction.

There is no question about A, B, C, D and E. The burden was upon the plaintiff to prove non-compliance with F. He has failed to sustain that burden.

There will be a judgment in favor of the defendant.